PATTY NELSON v. THE STATE.

No. 182.     Decided December 1, 1909.

**Assault with Intent to Murder—Sufficiency of the Evidence.**

See opinion for facts held to be sufficient to sustain a conviction for assault with intent to murder.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This appeal is prosecuted from a conviction had in the District Court of Palo Pinto County on March 15, of this year, wherein appellant was found guilty of assault with intent to murder and his punishment assessed at confinement in the penitentiary for a period of two years.

As the record reaches us there is no bill of exceptions contained in same, nor is the court's charge excepted to in any respect.

The only ground presented in the record is that the evidence is insufficient to sustain the conviction. To this contention we can not accede. The testimony, briefly, is to the effect that on the 15th of October, last year, a number of men and boys near the town of Lyra, at a place a little southwest of what is called No. 2 Coal Shaft, were drinking a keg of beer; that appellant and a smaller boy were engaged in wrestling which finally developed into some unpleasantness and in which the lad picked up a rock apparent with the intention of striking appellant. At this point the injured party, T. B. Oiler, interfered and said to them there must be no fighting there. Whereupon, as he states, appellant cursed him and wanted to know what he had to do with it. Oiler further states that when appellant called him a son of a bitch he hit at him with his fist but did not strike him; that thereupon appellant said to him, "You stay here until I come back, and I will fix you," that appellant then left and was gone some forty-five minutes, saying as he left, "You son of a bitch, if you stay there until I come back, I will kill you;" that witness remained where he was and when he saw appellant coming got up and started towards him and he heard a gun click and appellant shot him; that he was struck by fifty-four shot in various portions of his body; that at this time he was twenty-eight steps from appellant; that he had no sort of weapon in his hands, not even a pocketknife or stick. The evidence showed that appellant borrowed a gun from a neighbor living some three quarters of a mile from where the controversy had arisen, with the statement that he was going hunting. Appellant states that when he returned Oiler told him to stop, cursed him and called him a little son-of-a-bitch; that he told Oiler the second time to stop, but he kept right on coming towards him and testifies: "I cut down and shot him and said, 'I guess that will do you.'" He also states that at the time he shot, Oiler had a rock in each hand and saying he would fix him, appellant, when he got to him. There were a number of witnesses introduced both by the State and the defendant, but along the line stated above.

The court charged on assault with intent to murder, aggravated assault and self-defense. There is, as stated, no criticism of the

court's charge, nor, indeed, is the same subject to any serious criticism. From the State's point of view the shooting was practically unprovoked. The appellant had left the place of the original unpleasantness, had gone and armed himself, had come back and with much deliberation shot Oiler. Appellant's own testimony raising the issue of self-defense does not impress us as it evidently did not impress the jury as being probably true. In any event these are matters of fact for the jury and having been resolved against appellant and having received the sanction and approval of the trial court, we would be utterly without excuse to interfere.

There being no error in the proceedings of the court below the judgment is affirmed.

*Affirmed.*